UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERISURE MUTUAL INSURANCE
COMPANY and AMERISURE
INSURANCE COMPANY,

      Plaintiffs,

v.                                                                   Case No:  2:12-cv-443-FtM-29SPC

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY and
EVANSTON INSURANCE COMPANY,

      Defendants.

_____/

## ORDER

This matter comes before the Court on the Defendant Evanston Insurance Company's Motion to Deem Section II.C. of Evanston's Response to Amerisure's Motion for Partial Summary Judgment on the Pleadings a Reply to Evanston's Motion for Judgment on the Pleadings or in the Alternative, Motion for Leave to File a Brief Reply to Evanston's Motion for Judgment on the Pleadings  (Doc. #36) filed on November 26, 2012.

"No party shall file any reply or further memorandum directed to the motion or response… unless the Court grants leave." M.D. Fla. Local Rule 3.01(c).  A motion requesting leave to file… a reply or further memorandum shall not exceed three (3) pages, shall specify the length of the proposed filing, and shall not include, as an attachment or otherwise, the proposed motion response, reply, or other paper. Torrence v. Pfizer, Inc., 2007 WL 788368, *1 (M.D. Fla. Mar. 14, 2007) (citing M.D. Fla. Local Rule 3.01(d)).  The purpose of a reply brief is to rebut any new law or facts contained in the opposition's response to a request for relief before the Court.

On October 10, 2012, the Defendant Evanston filed a Motion for Judgment on the Pleadings. (Doc. # 10).  On November 8, 2012, the Plaintiff Amerisure filed a Motion for Partial Judgment on the Pleadings (Doc. # 33) and a Response to the Defendant Evanston's Motion for Judgment on the Pleadings. (Doc. # 34).   The Plaintiff argued that Article 1.1.1 of AIA Document A201-1997, was not incorporated into the subject construction contracts.   Article 1.1.1 concerns the use of the bidding documents in the construction contracts.   The Defendant Evanston then filed a Response to the Plaintiff Amerisure's Motion for Partial Judgment on the Pleadings (Doc. # 35)(Response).

In Section II.C. of the Response, Evanston addresses Amerisure's position that bidding documents are not incorporated into the construction contracts.   Section II.C. states that the "Special Conditions section of the Project Manual is a bidding document" and therefore not a valid part of the construction contract. (Doc. # 35, p. 14). The Defendant Evanston continues that even if Article 1.1.1 did not prevent bidding documents from being incorporated into the construction contracts, that another provision Article 8.1.7 of the construction contracts contains essentially the same restriction on the use bidding documents.   Therefore, Evanston argues, in Section II.C. of its Response, that at least two (2) provisions of the construction contract exclude bidding documents.

The Defendant Evanston now moves the Court to accept the arguments set forth in Section II.C. of the Response as a reply brief to the Plaintiff Amerisure's Response to Evanston's Motion for Partial Summary Judgment.  The Motion to accept part of a document filed in regards to another Motion as a reply brief lacks good cause and is due to be denied.

In the alternative, the Defendant Evanston moves the Court for leave to file a reply brief in reply to the Plaintiff Amerisure's Response to the Defendant's Motion for Judgment on the

Pleadings.  Since the proposed reply will address a new issue specifically the issue pertaining to the inclusion of bidding documents in the construction contracts, the Court finds good cause and will allow a reply brief to be filed in reply to the Plaintiff Amerisure's Response to the Motion for Judgment on the Pleadings.  Since the Motion is opposed, the Court will also allow a sur-reply to be filed by the Plaintiff Amerisure.

Accordingly, it is now

**ORDERED:**

The Defendant Evanston Insurance Company's Motion to Deem Section II.C. of Evanston's Response to Amerisure's Motion for Partial Summary Judgment on the Pleadings a Reply to Evanston's Motion for Judgment on the Pleadings or in the Alternative, Motion for Leave to File a Brief Reply to the Evanston's Motion for Judgment on the Pleadings  (Doc. #36) is **GRANTED in part and DENIED in part.**

(1) The Defendant Evanston Insurance Company's Motion to Deem Section II.C. of Evanston's Response to Amerisure's Motion for Partial Summary Judgment on the Pleadings a Reply to Evanston's Motion for Judgment on the Pleadings is **DENIED**.

(2) The Defendant Evanston Insurance Company's Alternative Motion to for leave to file a Reply to the Plaintiff Amerisure's Response to Evanston's Motion for Judgment on the Pleadings is **GRANTED**.

(3) The Reply Brief is limited to **five (5) pages** in length and limited in scope to the issues regarding the Plaintiff Amerisure's position that bidding documents are not incorporated into the construction contracts.

(4) The Reply Brief is due on or before **December 10, 2012**.

(5) The Plaintiff Amerisure has leave to file a Sur-Reply limited to **five (5) pages** in length and limited in scope to the matters addressed in the Reply Brief.

(6) The Plaintiff Amerisure's Sur-Reply is due on or before **December 21, 2012**.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of November, 2012.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:  All Parties of Record