```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

AMERISURE MUTUAL INSURANCE COMPANY,
and AMERISURE INSURANCE COMPANY,

                Plaintiffs,

vs.                              Case No.  2:12-cv-443-FtM-29UAM

CRUM & FORSTER SPECIALTY INSURANCE
COMPANY, and EVANSTON INSURANCE
COMPANY,

                Defendants.
_____

**OPINION AND ORDER**

This matter comes before the Court on Amerisure Insurance Company and Amerisure Mutual Insurance Company's Motion for Remand (Doc. #20) filed on September 24, 2012. Defendant Crum & Forster Specialty Insurance Company filed a Response (Doc. #23) on October 8, 2012. Defendant Evanston Insurance Company filed a Response (Doc. #25) on October 10, 2012. For the reasons set forth below, the motion is denied.

**I.**

On July 12, 2012, plaintiffs Amerisure Mutual Insurance Company and Amerisure Insurance Company (Amerisure) filed their six-count Complaint (Doc. #2) against defendants Crum & Forster Specialty Insurance Company (Crum & Forster) and Evanston Insurance Company (Evanston) in state court requesting declaratory and equitable relief. The timely filed Notice of Removal (Doc. #1) asserts diversity jurisdiction as the basis for removal.

Plaintiffs do not dispute that diversity jurisdiction has been met but request that this Court decline to exercise jurisdiction under the doctrines established in R.R. Comm'n v. Pullman Co., 312 U.S. 496 (1941) and Burford v. Sun Oil Co., 319 U.S. 315 (1943). (Doc. #20.) Plaintiffs contend that the matter concerns an unsettled issue of Florida law, specifically, whether Florida law recognizes an equitable contribution claim for recovery of defense costs paid on behalf of a common insured. (Id., pp. 2, 3.)

**II.**

The Court starts with the premise that it has a "virtually unflagging obligation" to exercise subject matter jurisdiction when it exists. Colo. River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). The issue therefore is whether this case presents something "so extraordinary as to eviscerate that obligation." Jackson-Platts v. Gen. Elec. Capital Corp., No. 11-14379, --- F.3d ---, 2013 WL 4463006 (11th Cir. Aug. 22, 2013).

Pullman abstention cases are "cases in which the federal courts have subject matter jurisdiction but relinquish it to enable the state courts to resolve antecedent state law issues that could moot the need for further proceedings in the federal case." Agripost, LLC v. Miami-Dade Cnty., Fla., 525 F.3d 1049, 1053 (11th Cir. 2008). "Two elements must be met for Pullman abstention to apply: (1) the case must present an unsettled question of state law, and (2) the question of state law must be dispositive of the

case or would materially alter the constitutional question presented." Siegel v. LePore, 234 F.3d 1163, 1174 (11th Cir. 2000). "Whether state law is susceptible to a construction that will avoid the federal constitutional issues has been described by the Supreme Court as the 'pivotal question' in determining whether abstention is appropriate." Pittman v. Cole, 267 F.3d 1269, 1285-86 (11th Cir. 2001)(citing City of Houston v. Hill, 482 U.S. 451, 468 (1987)).

The Supreme Court has provided the following explanation of the Burford abstention:

> Where timely and adequate state-court review is available, a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

Boyes v. Shell Oil Products Co., 199 F.3d 1260, 1265 (11th Cir. 2000)(quoting New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans, 491 U.S. 350, 361 (1989)). "The purpose of Burford abstention is to 'protect[ ] complex state administrative processes from undue federal interference. . . .'" Id. (quoting New Orleans Pub. Serv., Inc., 491 U.S. at 362).

Here, the Complaint does not present a constitutional question or challenge, and plaintiffs have failed to allege or assert that

any state administrative processes are at issue. Plaintiffs simply allege that there is an undecided issue of state law. This is insufficient to cause the Court to exercise its discretion to abstain under the Pullman or Burford doctrines. Therefore, the plaintiffs' motion for remand will be denied.

**III**.

The Complaint, however, is a shotgun pleading which must be amended. "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). Here, Count II incorporates the allegations in Count I and Counts IV, V, and VI incorporate the allegations in Count III. (Doc. #2, ¶¶ 58, 86, 98, 109.)

The Eleventh Circuit has routinely and explicitly condemned "shotgun pleadings," Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 979 n.54 (11th Cir. 2008), and has stated that neither the district courts nor the defendants are required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecoms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005)(quoting Strategic Income Fund, 305 F.3d at 1296 n.9). When

faced with a shotgun pleading, a district court should require the party to file an amended complaint rather than allow such a case to proceed to trial. <u>Byrne v. Nezhat</u>, 261 F.3d 1075, 1133 (11th Cir. 2001). Therefore, the Complaint will be dismissed without prejudice and with leave to amend.

Accordingly, it is now

**ORDERED**:

1. Amerisure Insurance Company and Amerisure Mutual Insurance Company's Motion for Remand (Doc. #20) is **DENIED**.

2. The Complaint (Doc. #2) is dismissed without prejudice and plaintiffs may file an amended complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

3. Defendant Crum & Forster Specialty Insurance Company's Motion to Dismiss Complaint (Doc. #12) is **DENIED as moot.**

4. Defendant Evanston Insurance Company's Motion for Judgment on the Pleadings (Doc. #24) is **DENIED as moot.**

5. Plaintiffs' Motion for Partial Judgment on the Pleadings (Doc. #33) is **DENIED as moot.**

**DONE AND ORDERED** at Fort Myers, Florida, this <u>12th</u> day of September, 2013.

JOHN E. STEELE
United States District Judge

Copies: Counsel of record