UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CASE NO. 2:12-cv-00443-JES-SPC

AMERISURE MUTUAL INSURANCE
COMPANY and AMERISURE
INSURANCE COMPANY,

        Plaintiffs,

v.

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY and
EVANSTON INSURANCE COMPANY,

        Defendants.
_____/

**DEFENDANT CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S
MOTION TO STAY THE MAGISTRATE JUDGE'S ORDER
DATED APRIL 29, 2014**
(With Incorporated Memorandum of Law)

Defendant Crum & Forster Specialty Insurance Company ("Crum & Forster"), pursuant to Local Rule 3.01(a), hereby files this motion to stay the Magistrate Judge's order dated April 29, 2014 (Doc. 98) pending review of the order by the District Judge in accordance with Federal Rule of Civil Procedure 72(a) and Local Rule 6.02(a), and as grounds therefore states as follows:

1.    Plaintiffs Amerisure Mutual Insurance Company and Amerisure Insurance Company (collectively, "Amerisure"), commenced this action against Crum & Forster to recover claimed damages arising from Crum & Forster's alleged failure to defend and indemnify the Legends at St. Johns, LLC ("Legends") in connection with an underlying

construction defect lawsuit styled, *The Legends at Saint Johns Condominium Assoc., Inc. v. The Legends at SJ, LLC, et al.*, Case No. CA-09-2155, Circuit Court for the Seventh Judicial Circuit, St. Johns County, Florida. Amerisure claims that Legends, the developer of the project, is an additional insured under a commercial general liability policy Crum & Forster issued to ContraVest Construction Group, Inc., the general contractor of the project.

2. On April 29, 2014, Magistrate Judge Carol Mirando entered an order (Doc. 98), which granted Amerisure's motion to compel (Doc. 90) filed on January 28, 2014. The order requires Crum & Forster to produce documents responsive to request number 2 of Amerisure's first request for production. Crum & Forster has steadfastly maintained that these documents, which are contained in its claim file and which have been identified on its privilege log (Doc. 90-1), are protected from disclosure based on the attorney-client privilege and/or work-product doctrine. The Magistrate Judge's order requires Crum & Forster to produce these documents no later than May 9, 2014.

3. Crum & Forster will respectfully be filing objections to Magistrate Judge Mirando's April 29, 2014 order within fourteen days of the order pursuant to Federal Rule of Civil Procedure 72(a).

4. Crum & Forster requests this Court enter an order staying the April 29, 2014 order as the April 29, 2014 order requires Crum & Forster to produce these documents <u>before</u> Crum & Forster is permitted to file objections to the order pursuant to Rule 72(a).

5. In *Zander v. Craig Hospital*, 2010 WL 908756, Case No. 09-cv-02121-REB-BNB, (D. Colo. March 10, 2010), the court held that a stay of a magistrate judge's order was appropriate in an almost identical situation involving the production of privileged

information. In *Zander*, the magistrate judge entered an order requiring the defendant to produce documents the defendant had objected to producing on the basis that they were privileged. *Id.* at * 1. The defendant subsequently filed a motion to stay the magistrate judge's order pending review of same by the district judge. *Id.*

6. The magistrate judge in *Zander*, in determining whether a stay of his order requiring production of privileged materials was appropriate, stated that, "[a] stay of a magistrate judge's discovery order may be appropriate where there is a serious issue about the propriety of the ruling and where a failure to render a stay could result in serious, irreversible injury to a party seeking the stay . . .". *Id.* The magistrate judge also stated that, "a stay may be appropriate where enforcing the existing discovery order would require the disclosure of arguably privileged information, trade secrets to a competitor or the like." *Id.* While the magistrate judge indicated that he was not certain if the defendant's forthcoming objection to his order would have any merit, he nonetheless determined that a stay of his order was indeed appropriate as it was "likely that irreparable harm" could result if a stay was not granted, his order was reversed, and the "privileged information was disclosed in the meantime". *Id.*; *see also Kearney Partners Fund, LLC v. USA*, Case No. 2:10-cv-153-Ftm-99SPC, 2013 WL 557187 (M.D. Fla. Feb 14, 2013) (magistrate judge's order compelling production of claimed privileged communications stayed to allow defendant opportunity to seek review of order by district judge under Rule 72(a)); *Riley v. Rutherford*, Case No. 3:10-cv-644-J-34MCR, 2010 WL 4054140, (M.D. Fla. Oct. 15, 2010) ("Federal Rule of Civil Procedure 26(b)(1) recognizes that trial courts have the authority to limit the scope of discovery by court order. Federal courts also have the broad discretion to stay proceedings as

part of their inherent authority to control their docket."); *GTE Wireless, Inc. v. Qualcomm, Inc.*, 192 F.R.D. 284, 289 (S.D. Cal. 2000) (district judge ruled that magistrate committed clear error in failing to enter stay of discovery relating to the production of "highly sensitive and proprietary information" prior to resolution of summary judgment motion).

7. In the present case, as in *Zander*, irreparable harm will be sustained by Crum & Forster if a stay of Magistrate Judge Mirando's April 29, 2014 order is not granted and Crum & Forster is required to disclose privileged communications prior to Crum & Forster being afforded an opportunity to seek review of the order as permitted by Rule 72(a). In contrast, Amerisure will not sustain any prejudice or harm if the April 29, 2014 order is stayed.

8. In accordance with Local Rule 3.01(g), undersigned counsel certifies that she conferred with Amerisure's counsel on multiple occasions prior to filing the instant motion in a good faith effort to resolve the issues raised herein; however, Amerisure has not advised whether it has any objection to the relief requested herein. Undersigned counsel will continue to contact Amerisure's counsel and will supplement this motion regarding whether Amerisure agrees or objects to the requested relief.

WHEREFORE the Defendant Crum & Forster Specialty Insurance Company, respectfully requests this Court enter an order staying Magistrate Judge Mirando's April 29, 2014 order pending the District Judge's review of same pursuant to Rule 72(a), and grant such further relief the Court deems just and proper.

Respectfully submitted.

**THORNTON, DAVIS & FEIN, P.A.** *Counsel for Defendant, Crum & Forster Specialty Insurance Company*
80 S.W. 8th Street, Suite 2900
Miami, Florida 33130
Tel: (305) 446-2646
Fax: (305) 441-2374

By:  /s/ Holly S. Harvey
     **HOLLY S. HARVEY, ESQ.**
     Fla. Bar No. 970190
     E-mail: harvey@tdflaw.com
     **JESSICA S. FORBES, ESQ.**
     Fla. Bar No. 078689
     E-mail: forbes@tdflaw.com

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on this the 1st day of May, 2014, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. We also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:  /s/ Holly S. Harvey
     **HOLLY S. HARVEY, ESQ.**
     Fla. Bar No. 970190
     **JESSICA S. FORBES, ESQ.**
     Fla. Bar No. 078689

## SERVICE LIST

Andrew Russo, Esq.
Rywant, Alvarez, Jones, Russo & Guyton, P.A.
Perry Paint & Glass Building
109 Brush Street, Suite 500
Tampa, Florida 33602
Tel: (813) 229-7007
Fax: (813) 223-6544
arusso@rywantalvarez.com
*Counsel for Amerisure Mutual Insurance Company and Amerisure Insurance Company*

Rebecca C. Appelbaum, Esq.
Andrea K. Baldwin, Esq.
Butler Pappas Weihmuller Katz Craig LLP
777 S Harbour Island Blvd
Tampa, Florida 336025729
Tel: (813) 281-1900
Fax: (813) 281-0900
rappelbaum@butlerpappas.com
abaldwin@butlerpappas.com
*Counsel for Evanston Insurance Company*