```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

AMERISURE MUTUAL INSURANCE
COMPANY and AMERISURE
INSURANCE COMPANY,

      Plaintiffs,

v.                                      Case No: 2:12-cv-443-FtM-29CM

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY and
EVANSTON INSURANCE COMPANY,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on defendant Crum & Forster Specialty Insurance Company's Objections and Motion to Vacate the Magistrate Judge's Order Dated April 29, 2014 (Doc. #104) filed on May 13, 2014. Plaintiff's filed a Response (Doc. #108) on May 29, 2014. The Court finds oral arguments are not warranted in this case.

On April 29, 2014, the Magistrate Judge issued an Order (Doc. #98) granting Amerisure Insurance Company and Amerisure Mutual Insurance Company's Motion to Compel Discovery and Memorandum of Law (Doc. 90), and directing defendant Crum & Forster to produce all documents identified on the supplemental privilege log (Doc. 90-2) as work product because all such documents were dated prior to November 2, 2011, and to produce all documents withheld on the

supplemental privilege log (Doc. 90-2) as attorney-client privilege because the Luken Affidavit was insufficient to establish that the documents were protected. Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law. "The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." Id. See also Fed. R. Civ. P. 72(a).

Defendant argues that the Affidavit was sufficient, and clearly supported a finding that the amended privilege log was protected by the attorney-client privilege. The Magistrate Judge's assessment of the sufficiency of the Affidavit was not clearly erroneous or contrary to law. Therefore, this objection is overruled. It should be noted that the Affidavit was submitted in response to the previously assigned magistrate judge's January 7, 2014 Order (Doc. #87) denying a prior motion to compel and finding as follows:

> Here, C&F has failed to carry its burden of proving that the withheld documents are work product. C&F has provided no evidence to support its claim that the withheld documents are work product besides the general descriptions of the documents contained in the privilege logs. Again, however, in an abundance of caution, the Court will allow C&F the opportunity to establish that the withheld documents are work product by an evidentiary showing. The Court will allow Defendant to provide supplemental evidence regarding these documents to Amerisure in accordance with the

>     directions given above pertaining to the
>     attorney client privilege.

(Doc. #87, p. 14.)  Defendant had the opportunity to appropriately tailor the affidavit sufficiently and failed to do so.

Defendant also argues that, "by any objective measure", see Doc. #104, p. 17, litigation was reasonably anticipated as of August 9, 2011 and no later than September 16, 2011, not the November 2, 2011, date determined by the Magistrate Judge.  This determination was not clearly erroneous or contrary to law and is overruled.

If this argument is overruled, defendant argues that it should at least be overruled as to the production of emails identified on number 20 of the amended privilege log because they were generated on November 2, 2011.  The Magistrate Judge ordered the production of "dated prior to November 2, 2011."  (Doc. #98, p. 8.)  Whether November 2, 2011, is included in not specifically addressed.  "[A] district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009).  The Court declines to address the emails in the context of the objection as the matter was not addressed by the Magistrate Judge in the first instance.

Finally, defendant argues that the Magistrate Judge erred in failing to review the documents *in camera* and improperly speculated

as to the substantive content of the communications.  (Doc. #104, pp. 14, 19.)  The Magistrate Judge is not required to inspect the documents.  The documents were part of the claims file, and a sufficiently detailed privilege log would have justified the privilege if applicable.

Accordingly, it is now

**ORDERED:**

Defendant's Objections (Doc. #104) are **OVERRULED** and the Motion to Vacate the Magistrate Judge's Order Dated April 29, 2014 (Doc. #104) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___16th___ day of June, 2014.

/s/ John E. Steele
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
Counsel of Record