UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMERISURE MUTUAL INSURANCE
COMPANY and AMERISURE
INSURANCE COMPANY,

    Plaintiffs,

v.                              Case No: 2:12-cv-443-FtM-29CM

CRUM & FORSTER SPECIALTY
INSURANCE COMPANY and
EVANSTON INSURANCE COMPANY,

    Defendants.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Defendant Crum & Forster Specialty Insurance Company's Motion to Dismiss First Amended Complaint (Doc. #57) filed on October 8, 2013. Plaintiffs filed a Response (Doc. #64) on October 17, 2013. With leave from the Court, Defendant Crum & Forster filed a Reply (Doc. #73) on November 5, 2013 and Plaintiffs filed a Surreply (Doc. #81) on November 27, 2013. For the reasons stated below, the motion is granted.

**I.**

This case concerns insurance coverage for a lawsuit stemming from the development and construction of a condominium complex known as the Legends at St. John (the Complex). Plaintiffs

Amerisure Mutual Insurance Company and Amerisure Insurance Company (Plaintiffs or Amerisure) have filed a six-count First Amended Complaint (Doc. #55) against Defendants Crum & Forster Specialty Insurance Company (C&F) and Evanston Insurance Company (Evanston) seeking declaratory and equitable relief for Defendants' alleged failure to defend the lawsuit as required by contract. The underlying facts, as set forth in the First Amended Complaint, are as follows.

Legends at SJ, LLC (Legends) served as the developer of the Complex and hired Hardaway Construction Corp. (Hardaway) and ContraVest Construction Group Inc. (ContraVest) as general contractors. (Id. at ¶ 9.) Construction began in 2003 and was completed in 2007. (Id. at ¶ 13.) Legends and ContraVest obtained liability insurance to cover the construction period. Plaintiff Amerisure insured Legends and Defendants C&F and Evanston insured ContraVest. (Id. at ¶¶ 18-27.) Following completion of construction, control of the Complex passed to the Legends at St. Johns Condominium Association (the Condo Association). (Id. at ¶ 14.)

In 2009, the Condo Association filed suit against Legends, Hardaway, ContraVest, and others for damages related to the alleged defective construction of the Complex. (Id. at ¶ 15.) On May 20, 2010, Legends notified Amerisure about the lawsuit and requested

2

that Amerisure defend the suit pursuant to the parties' insurance policies. (Id. at ¶ 28.) Amerisure expressed certain reservations, but ultimately accepted the defense of Legends. (Id. at ¶¶ 28-30.)

Legends also tendered defense requests to C&F and Evanston pursuant to their insurance policies with ContraVest. (Id. at ¶¶ 31, 41.) Legends asserted that it was an "additional insured" under ContraVest's insurance policies and, therefore, C&F and Evanston were obligated to defend Legends in the lawsuit as well. (Id.) However, C&F and Evanston refused. (Id. at ¶¶ 31-40.)

The lawsuit was settled in 2011, but neither C&F nor Evanston defended Legends and neither contributed any money toward the settlement. (Id. at ¶¶ 16, 40, 47.) Amerisure incurred in excess of $562,820 in defense costs and contributed $300,000 in indemnity payments—amounts which Amerisure argues should have been paid, in whole or in part, by C&F and Evanston. (Id. at ¶ 49.) Accordingly, Amerisure brought the instant suit against C&F and Evanston seeking declaratory and equitable relief.

In Count I, Amerisure seeks a declaratory judgment that (1) Legends qualified as an additional insured under the C&F policies, and (2) that C&F had an independent contractual obligation to defend Legends in the Condo Association lawsuit. (Id. at ¶¶ 50-57.) In Count II, Amerisure seeks equitable contribution from C&F

3

for half of Amerisure's costs in defending Legends. (<u>Id.</u> at ¶¶ 58-73.)

## II.

C & F now moves to dismiss Counts I and II, arguing that Count I does not allege an actual case or controversy and that Count II fails to state a claim. (Docs. ##57, 73.) Amerisure responds that a justiciable controversy exists as to Count I and that Count II is adequately pled. (Docs. ##64, 81.)

**A.   Declaratory Judgment (Count I)**

In Court I, Amerisure seeks a declaratory judgment that Legends qualified as an additional insured under the C&F policies and that C&F had an independent contractual obligation to defend Legends in the Condo Association lawsuit. (Doc. #55, ¶¶ 50-57.) C&F argues that Count I must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because there is not an actual case or controversy. (Docs. ##57, 73.)

Although Count I does not explicitly state, Plaintiffs have accepted Defendant's characterization of this claim as being one for declaratory judgment under the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02. (Doc. #64, pp. 6-9.) Defendant is incorrect, however, in its assertion that the Declaratory Judgment Act confers federal jurisdiction. (Doc. #57, pp. 5-6.) The federal Declaratory Judgment Act is "procedural only," <u>Aetna Life</u>

4

Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240 (1937), and "does not, of itself, confer jurisdiction upon federal courts." Stuart Weitzman, LLC v. Microcomputer Resources, Inc., 542 F.3d 859, 861-62 (11th Cir. 2008). Federal jurisdiction in this case is premised upon diversity of citizenship (Doc. #1, ¶¶ 16-20; Doc. #55, ¶ 2).

Each claim must nonetheless be justiciable in order for a federal court to have jurisdiction over it. "Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). Echoing that requirement, the Declaratory Judgment Act specifically provides that a declaratory judgment may be issued only in the case of an "actual controversy." 28 U.S.C. § 2201(a); see also Walden v. Ctrs. for Disease Control & Prevention, 669 F.3d 1277, 1284 (11th Cir. 2012). The Supreme Court has summarized the requirements of such an actual controversy as follows: "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." MedImmune, Inc. v. Genetech, Inc., 549 U.S. 118, 126 (2007).

5

Here, Count I seeks a declaratory judgment stating that (1) "Legends qualified as an additional insured under the C&F Policy" with ContraVest; and (2) "that C&F had an independent contractual obligation to provide a complete defense to Legends with respect to the" Condo Association lawsuit (Doc. #55, p. 16.)  Neither matter is in dispute.

Plaintiffs allege that prior to the filing of this lawsuit C&F "acknowledged Legends as an additional insured under the C&F Policy" in a December 1, 2010 letter. (Doc. #55, ¶¶ 32, 53.)  C&F confirms the December 1, 2010 letter and its contents, agreeing that it "acknowledged that Legends was an additional insured under an endorsement to Crum & Forster Specialty's policy."  (Doc. #57, p. 3.)  The same December 1, 2010 letter confirms that C&F has an independent contractual duty to provide a complete defense. (Id.; Doc. #73, p. 2 (Amerisure and C&F "owed Legends an independent and indivisible duty to defend under their separate, respective insurance policies.").)  Thus, there is no actual controversy over the only two matters on which a declaratory judgment is sought.

To be sure, Amerisure is correct that C&F has not agreed to each and every allegation underlying Count I.  Specifically, C&F has not admitted that, at the time Legends first tendered their claim to C&F, Legends had already satisfied the insurance policies'

6

self-insured retention (SIR) obligations.[1] Amerisure insists that this is a key point of contention because C&F was not obligated to defend Legends until Legends satisfied the SIR. Amerisure argues that there still exists a case or controversy as to Court I because the Court must determine precisely when C&F's obligations began— that is, when the SIR was satisfied. The Court disagrees. The declaratory relief sought in Count I does not request a determination that the SIR was met at any specific point in time. (Doc. #55, p. 16.) Indeed, the timing of C&F's obligations is not mentioned at all as a matter for declaratory relief. Accordingly, the lack of agreement regarding the satisfaction of the SIR does not support a conclusion that a case or controversy exists at to Count I. Therefore, Count I will be dismissed without prejudice.

**B.   Equitable Contribution (Count II)**

In Count II, Amerisure seeks equitable contribution from C&F for half of the costs Amerisure incurred in its defense of Legends. (Doc. #55, ¶¶ 58-73.) Amerisure argues that equitable contribution is necessary because, despite the fact that Amerisure and C&F were both co-insurers of Legends, C&F shirked its responsibilities by refusing to participate in Legends's defense. (Docs. ##64, 81.) C&F responds that Florida law does not permit a cause of action

---

[1] The SIR required Legends to spend $50,000 defending the suit before it could invoke C&F's duty to defend. (Doc. #55, ¶ 32.)

7

for equitable contribution under these circumstances. (Docs. ##57, 73.)

To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).

While Florida law recognizes causes of actions for equitable contribution generally, see Desrosiers v. Russell, 660 So. 2d 396, 398 (Fla. 2d DCA 1995) (cause of action for contribution lies between co-guarantors), Florida courts have explicitly refused to extend this rule to co-insurers. To the contrary, Florida courts have held that to do so would be contrary to public policy. Cont'l Cas. Co. v. United Pac. Ins. Co., 637 So. 2d 270, 272 (Fla. 5th DCA 1994) (quoting Argonaut Ins. Co. v. Maryland Cas. Co., 372 So. 2d 960, 964 (Fla. 3d DCA 1979)). See also Pennsylvania Lumbermens Mut. Ins. Co. v. Indiana Lumbermens Mut. Ins. Co., 43 So. 3d 182,

186 (Fla. 4th DCA 2010) ("[T]here is no right of reimbursement to defense costs between primary insurers of a common insured."); Am. Cas. Co. of Reading Pennsylvania v. Health Care Indem., Inc., 613 F. Supp. 2d 1310, 1322 (M.D. Fla. 2009) ("[I]t is well settled Florida law that there is no right to contribution between insurance companies as to legal fees and costs.")  This is the case even where, as here, there are allegations that a co-insurer shirked its duty to defend.  Cont'l Cas. Co., 637 So. 2d at 273 (rejecting the argument that equitable contribution is necessary to prevent "shirking, lagging behind, or bad faith on the part of insurers").  Accordingly, Amerisure cannot maintain a cause of action for equitable contribution against C&F on the theory that the parties were co-insurers.

Amerisure also argues that it is entitled to recover defense costs from C&F because it inherited that right from Legends by virtue of its assumption of the defense of the Condo Association lawsuit.  (Doc. #81, p. 3.)  As the parties acknowledge, the C&F policies entitled Legends to be defended by C&F.  See Section II.A, supra.  Amerisure alleges that Legends's right to recover defense costs were transferred to Amerisure by operation of the insurance policies.  (Doc. #81, p. 3.)  Assuming this is true, then Amerisure may have a cause of action against C&F for breach of contract. Argonaut, 372 So. 2d at 964 ("If an insurance company refuses to

9

defend or provide contractual coverage to its insured, then it may expose its policy limits to a third party and faces a breach of contract suit . . . by the insured.") However, Florida law is clear that Amerisure does not have a claim for equitable contribution. Id. Accordingly, Count II will be dismissed.

Accordingly, it is now

**ORDERED:**

1. Defendant Crum & Forster Specialty Insurance Company's Motion to Dismiss First Amended Complaint (Doc. #57) is **GRANTED** and Counts I and II are **dismissed without prejudice**.

2. The Clerk shall terminate Defendant Crum & Forster Specialty Insurance Company on the docket and withhold judgment pending resolution of Plaintiffs' remaining claims.

**DONE AND ORDERED** at Fort Myers, Florida, this   1st   day of August, 2014.

                                              _____
                                              JOHN E. STEELE
                                              UNITED STATES DISTRICT JUDGE

Copies: Counsel of record

10